IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS HEALTH AND WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND,<br><br>Plaintiffs,<br><br>v.<br><br>LA NEE DECORATING, LTD., an Illinois corporation, and LAWRENCE ZAKOSEK, individually<br><br>Defendant. | No. 13 C<br><br>Judge<br><br>Magistrate Judge |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS HEALTH AND WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, by

1

their attorneys, Donald D. Schwartz, James R. Anderson, Gregory W. Hosé, and ARNOLD AND KADJAN, complain against Defendants LA NEE DECORATING, LTD., an Illinois corporation, and LAWRENCE ZAKOSEK, individually as follows:

## Jurisdiction and Venue

1. Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

## The Parties

3. The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS HEALTH AND WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4. The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council #14 and its affiliated locals (the "Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

2

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6. Defendant LA NEE DECORATING, LTD. ("LA NEE"), an Illinois corporation, is an employer engaged in an industry affecting commerce which entered into a collective bargaining agreements ("Labor Agreement") with the Union on or about June 10, 1998, whereby LA NEE agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy of the Labor Agreement is attached as "Exhibit A."

7. Upon information and belief, Lawrence Zakosek at all relevant times was, and continues to be, president of LA NEE.

## The Agreements

8. Pursuant to the provisions of the Labor Agreement, LA NEE is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, LA NEE is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

9. Under the terms of the Labor Agreement and Trust Agreement to which it is bound, LA NEE is required to submit all necessary books and records to Plaintiffs' auditor for

the purpose of determining whether or not LA NEE is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require LA NEE to pay liquidated damages, interest, auditors' fees, and all attorneys fees and court costs incurred by the Funds in the collection process.

## COUNT I

10. Upon information and belief, Plaintiffs are advised that LA NEE has breached the provisions of the Labor Agreement and Trust Agreement by failing to pay all of the contributions for the audit period of February 1, 2012 through the present.

11. Plaintiffs have been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due and owing from LA NEE.

12. LA NEE is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132(g)(2)(D).

13. Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

    (i) interest on the unpaid contributions; or

    (ii) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. This Court order LA NEE to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds for an audit for the period of February 1, 2012 through the present.

B.    That judgment be entered in favor of Plaintiffs and against Defendant in the amount shown to be due on the above audit.

C.    This Court enjoin LA NEE from violating the terms of the collective bargaining agreement and Trust Agreement by failing to make timely payments to the Funds and LA NEE be ordered to resume making those payments.

D.    Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

E.    This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II

14.    Plaintiffs repeat and reallege Paragraphs 1-13 as if more fully stated herein.

15.    Defendant, LAWRENCE ZAKOSEK is on information and belief the President of Defendant, LA NEE.

16.    LAWRENCE ZAKOSEK, individually, co-signed and guaranteed the Installment Note entered into by LA NEE which was in resolution of unpaid liquidated damages through the contribution month of November 2011. (See copy of Installment Note attached hereto as Exhibit "B")

17.    LA NEE has failed to remit its contribution reports or contributions for the months of November and December 2012. Failure to pay all benefits due is an event of default on the Installment Note.

18.    LA NEE has failed to make the February 15, 2013 and March 15, 2013 payment on the Installment Note.

20. The Note is in default since at least February 15, 2013 as a result of LA NEE'S failure to pay benefits due for November and December 2012, and failure to remit the required payments installment note payments for February and March 2013. There is an unpaid balance of **$1,986.29** on the Note.

21. Default on the Note accelerates the entire balance due.

22. Defendants, LA NEE, an Illinois corporation, and LAWRENCE ZAKOSEK, individually, have failed to make payment despite repeated demand for payment.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, LA NEE, an Illinois corporation, and LAWRENCE ZAKOSEK, jointly and severally, and in favor of Plaintiffs in the amount of **$1,986.29** plus interest provided for in the terms of the Note in event of default.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al.,**

By: /s/ Gregory W. Hosé
One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
GREGORY W. HOSÉ
ARNOLD AND KADJAN
203 N. LaSalle St., Suite 1650
Chicago, Illinois 60601
(312) 236-0415

EXHIBIT A

EXHIBIT A

P.D.C. #14 MEMORANDUM OF AGREEMENT (JOLIET)

THIS AGREEMENT entered into by Painters' District Council #14 (hereinafter referred to as "The Union") and __La Nee Decoration__ referred to as "the Employer", Witnesseth That:

Whereas, THE PAINTING AND DECORATING CONTRACTORS' ASSOCIATION, JOLIET CHAPTER (hereinafter called the "ASSOCIATION") and the UNION have reached agreement on Wages, Hours and terms and conditions of employment for the period of June 1, 1998 to May 31, 2002, and the entire document is incorporated by reference herein.

WHEREAS, the parties to this Agreement wish to promote continued employment in the Industry, prevent interruption of work and agree to adopt such terms:

NOW, THEREFORE, IT IS AGREED AS FOLLOWS:

1. The Employer hereby recognizes the Union as the sole and exclusive bargaining representative of all the Employer's employees performing work within the craft and geographic jurisdiction of the Union as the same exists as of the date hereof and including any such additional work or geographic area over which the Union may hereafter acquire jurisdiction with respects to Wages, Hours, and other terms and conditions of employment.

The Employer, in response to the Union's claim that it represents an uncoerced majority of each Employer's Painting employees, has been authorized to and in fact does represent such majority of such employees in accordance with Section 9 of the Labor Relations Act without the need for a Board Certified Election.

2. The Employer acknowledges that he is bound to all terms and conditions of the Collective Bargaining Agreement between the Union and the Painters Local 33 and the Associations as applicable to him which expired at 12:00 midnight, May 31, 1998, and hereby reaffirms his continuing obligations with respect to all such provisions, acknowledges the renewal of all such provisions to the extent the same are not inconsistent with the provisions of this Agreement, and hereby agrees to the changes in the Agreement between and the Union and the Association and any and all subsequent amendments thereto and to any other changes subsequently negotiated by and between the Union and the applicable Association. Said Contracts are specifically incorporated by reference and made a part hereof.

3. The Collective Bargaining Agreement between the Union and Association, June 1, 1998, to May 31, 2002, and all subsequent amendments thereto are incorporated herein as if they were forth in full. The Employer agrees to be bound by the terms of the applicable Association bargaining agreement for the life of the negotiated Agreement.

4. The Employer agrees to pay the amount it is bound to pay under the Collective Bargaining Agreements to the Pension, Welfare, Savings Fund, Apprentice Funds and to become bound by and considered a party to the Agreements and Declarations of Trust creating such trust funds and such declarations are incorporated by reference herein. Said amounts are:

EFFECTIVE June 1, 1998 the hourly wage and benefit rates and increases for the period June 1, 1998 through May 31, 1999 are as follows:

| | June 1, 1998 | January 1999 | April 1, 1999 |
|---|---|---|---|
| Residential and Commercial (CLASSIFICATION TO BE ABOLISHED January 1, 1999) | $23.75 | $25.35 | $25.35 & .40 To be allocated by Union in its sole discretion |
| Industrial Work | $24.75 | | |

FOLLOWING CONTRIBUTIONS SHALL BE IN ADDITION TO THE ABOVE:

| | | | |
|---|---|---|---|
| Welfare | $3.20 | $3.70 | $3.70 |
| Pension | $3.50 | $3.50 | $3.50 |
| Joint Cooperation | $0.01 | $0.01 | $0.01 |
| Education & Scholarship | $0.01 | $0.01 | $0.01 |
| JATC | $0.28 | $0.28 | $0.28 |

(Includes LMCF and International Apprenticeship)

WAGES AND BENEFIT DISTRIBUTIONS TO BE MADE AT THE SOLE DISCRETION OF THE UNION.

The rate of 2 hours more pay per day for General Foreman, and 1 hour more pay per day for Foreman and one half (1/2) hour more pay per day for Sub-Foreman.

Working Dues Assessment:

Employers shall deduct two percent (2%) of gross wages paid, for working dues for each Local 33 or other painter working in the jurisdiction, which shall be paid along with the Welfare, Pension, Apprentice and Building Fund contributions. This shall not apply to any out-of-area painters who hold a card in another painters local affiliated with the Painters' District Council NO. 14, working in Will and Grundy Counties. Their names and hours shall be reported at the bottom of monthly contribution forms with no payment of money.

    5. This Agreement shall become effective at 12:00 A.M., June 1, 1998, and shall remain in full force and effect until 12:00 P.M., May 31, 2002, or continue thereafter unless there has been given not less than sixty (60) days, nor more than ninety (90) days written notice by Registered or Certified Mail, prior to expiration by either party hereto to the desire to modify, amend or terminate this Agreement through negotiations. The absence of such notice will result in the automatic renewal of this Agreement for the life of the newly negotiated area wide Agreements between the Union and the Association with all improvements, modifications and amendments thereto and incorporating them herein:

    6. This document is the complete written agreement between the parties and can only be amended in writing by the parties. No other oral representations shall be binding on either party nor shall any party rely upon such oral statements that vary their terms of the written contract.

    7. The Employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete JOINT WORKING AGREEMENT.

    IN WITNESS WHEREOF, and in consideration of the mutual promise of the parties hereto, and other good valuable consideration, this Agreement was entered into this _10TH_ day of _JUNE_, 1998.

EMPLOYER:

FIRM: _LANee Decorating_
(PRINT)

ADDRESS: _P.O. Box 3386 Oak Park IL 60303 — 2441 Forestview Dr N. Riverside_

SIGNATURE & TITLE _Laurence Zakosek Pres_
(PRINT)

SIGNATURE _[signature]_

_[signature] Gerald C. Harms_
Gerald C. Harms
Business Manager/Secretary-Treasurer
P.D.C. #14

EXHIBIT B

## INSTALLMENT NOTE

($5,958.69)                                                                                    April 2, 2012

   For Value Received, the undersigned promises to pay to the order of **Chicago Painters and Decorators Fringe Benefit Funds** the principal sum of <u>Five Thousand Five Hundred Seventh Nine and 50/100 Dollars ($5,579.50)</u>, payable in installments as follows: <u>Three Hundred Ninety Seven and 24/100 Dollars ($397.24)</u> on the 15th day of April 2012 and on the 15th day of each successive month for the succeeding 14 months with the final payment of <u>Three Hundred Ninety Seven and 24/100 Dollars ($397.24)</u> on the 15th of June 2013, with interest on the balance of principal remaining from time to time unpaid at the rate of **10%** per annum, payable on the due dates for installments of principal as aforesaid.

   All payments on account of the indebtedness represented by this Note shall be applied first to accrued and unpaid interest and the remainder to principal. Any installments of principal not paid when due shall bear interest after maturity at the rate of 18% per annum. Payments of both principal and interest shall be delivered to Arnold and Kadjan, 203 N. LaSalle St., Suite 1650, Chicago, Illinois 60601 or such other place as the legal holder hereof may from time to time in writing appoint.

   At the election of the payee or legal holder hereof and without notice, the principal sum remaining unpaid hereon, together with accrued interest thereon, shall become at once due and payable at the place of payment aforesaid in case of default in the payment, when due, of any installment or principal or interest, or any portion thereof, in accordance with the terms hereof. **Any failure to pay current fringe benefits as they become due shall constitute a default of this Note.** In the event of default, the payee or legal holder hereof shall be entitled to reasonable costs of collection, including reasonable attorney's fees.

   The undersigned hereby authorizes, irrevocably, any attorney of any Court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for such amount as may appear to be unpaid thereon, together with reasonable costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof. If this Note is signed by more than one person, the obligations and authorizations hereunder shall be joint and several. All parties hereto severally waive presentment for payment, notice of dishonor and protest.

   The makers of this Note acknowledge the above indebtedness represents fringe benefit contributions and other costs and charges due and owing pursuant to applicable provisions of the Employee Retirement Income Security Act, 29 U.S.C. 1145.

   For: Liquidated damages Accrued through the contribution month of November 2011.

_____          _____
La Nee Decorating, LTD.                                   By: Lawrence Zakosek, Individually
By: Lawrence Zakosek, President


LA NEE DECORATING, LTD, P.O. BOX 1127, NORTH RIVERSIDE, IL 60546

La Nee Decorating, Ltd.　　　　5050-1986　　　　Painters
P.O. Box 1127
North Riverside, IL 60546　　　　　　　　　　　　JRA

Lawrence Zakosek, President

Owe: Principal $5,579.50　　　Interest $379.19　Total Due $5,958.69
For: LD's accrued thru November 2011

$5,958.69

| DUE DATE | AMT. DUE | DATE REC. | AMT REC'D | | CHECK # | BALANCE |
|---|---|---|---|---|---|---|
| | | | | | | |
| 4/15/2012 | $397.24 | 4/13/2012 | $397.24 | | 20825 | 5,561.45 |
| 5/15/2012 | $397.24 | 5/15/2012 | $397.24 | B | 20835 | 5,164.21 |
| 6/15/2012 | $397.24 | 6/19/2012 | $397.24 | B | 20857 | 4,766.97 |
| 7/15/2012 | $397.24 | 7/30/2012 | $397.24 | B | 20866 | 4,369.73 |
| 8/15/2012 | $397.24 | 9/19/2012 | $397.24 | B | 20895 | 3,972.49 |
| 9/15/2012 | $397.24 | 9/19/2012 | $397.24 | B | 20894 | 3,575.25 |
| 10/15/2012 | $397.24 | 10/17/2012 | $397.24 | B | 20950 | 3,178.01 |
| 11/15/2012 | $397.24 | 10/17/2012 | $397.24 | B | 20951 | 2,780.77 |
| 12/15/2012 | $397.24 | 12/31/2012 | $397.24 | | 21033 | 2,383.53 |
| 1/15/2013 | $397.24 | 12/31/2012 | $397.24 | | 21034 | 1,986.29 |
| 2/15/2013 | $397.24 | | | | | 1,986.29 |
| 3/15/2013 | $397.24 | | | | | 1,986.29 |
| 4/15/2013 | $397.24 | | | | | 1,986.29 |
| 5/15/2013 | $397.24 | | | | | 1,986.29 |
| 6/15/2013 | $397.24 | | | | | 1,986.29 |